UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM FORTMAYER AND RYAN BEGNEAUD, individually and o/b/o persons similarly situated,** | CIVIL ACTION NO. _____ |
| Plaintiffs, | SECTION _____ |
| versus | JUDGE _____ |
| **GENERAL MOTORS, LLC AND LESON CHEVROLET COMPANY, INC.** | MAGISTRATE _____ |
| Defendants. | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, General Motors LLC removes to this Court the state court action described below.

1. On or about November 13, 2019,[1] plaintiffs filed an action in the 24th Judicial District Court of Jefferson Parish, Louisiana, captioned *William Fortmayer and Ryan Begneaud, individually and on behalf of a class of persons similarly situated v. General Motors, LLC and Leson Chevrolet Company, Inc.*, Case No. 801-405 (the "State Court Action"). A true and correct copy of the Class Action Petition for Damages (the "Petition" or "Pet.") is attached as **Exhibit A**.[2]

---

[1] The Petition on its face appears to show that plaintiffs filed it by facsimile on November 13, 2019, and that the Jefferson Parish Clerk's Office received the Petition by mail on November 15, 2019.

[2] In filing this Notice, GM does not admit any of the factual allegations in the Petition or waive any defenses that may be available in either the State Court Action or this federal action, including but not limited to defenses related to jurisdiction, venue, standing, or failure to state a claim upon which relief can be granted.

{N3938054.1}  1

2. Plaintiffs served GM with copies of the Petition and summons no earlier than December 3, 2019. A true and correct copy of the summons served on GM is attached as **Exhibit B**.

3. Plaintiffs are two Louisiana residents who purchased a new model year 2015 Chevrolet Silverado 3500 and a used model year 2014 GMC Sierra 2500 from independent dealerships in Louisiana. *Id.* ¶¶ 1-2, 8, 15. Plaintiffs allege issues with their fuel injection systems. *Id.* ¶¶ 9-10, 16.

4. Plaintiffs allege their vehicles have defective CP4 diesel fuel injection pumps manufactured and supplied by third-party Bosch. *Id.* ¶¶ 22-23. They allege that Bosch's CP4 fuel pumps are incompatible with U.S. diesel fuel. *Id.*

5. Plaintiffs also allege that the same purported defect affects 2011-2016 model year Chevrolet Silverado 2500 and 3500 and GMC Sierra 2500 and 3500 trucks, which they define as the "Class Vehicles." Pet. ¶ 21.

6. Plaintiffs allege three causes of action: (i) violation of the Louisiana Products Liability Act; (ii) breach of express and implied warranties; and (iii) breach of warranty in redhibition. Pet. ¶¶ 27-66.

7. Plaintiffs allege a variety of damages, including, but not limited to, repair costs, other ongoing preventive costs, overpayment for the vehicles, "severe emotional injuries," "pain and mental anguish," and "inconvenience." Pet. ¶¶ 12, 16, 18, 33, 41, 57, 65, 66, 71. Plaintiffs also seek return of their purchase price and insurance co-payments. *See, e.g.*, *id.* ¶ 57.

8. Plaintiffs bring the action both individually "and on behalf of a class of persons similarly situated" (*id.* at 1 & ¶ 25), which they define as "[a]ll persons who purchased or leased

a class vehicle in Louisiana." *Id.* ¶¶ 67-70. Plaintiffs seek an order "certifying the class" and "appointing plaintiffs as class representatives." *Id.* ¶ 71.

9. The Petition contains factual allegations and legal claims similar to those in six other class action complaints filed in federal courts around the country: *Moonan, et al. v. General Motors LLC*, Case 3:18-cv-07054-JST (N.D. Cal.); *Ginebra, et al. v. General Motors LLC*, Case 1:18-cv-25209-FAM (S.D. Fla.); *Click, et al. v. General Motors LLC*, Case 2:18-cv-00455 (S.D. Tex.); *Smith, et al. v. General Motors Co.*, Case 3:19-cv-00021-JCS (N.D. Cal); *Dawson, et al. v. General Motors LLC*, Case 3:19-cv-08680-AET-LHG (D.N.J.); and *Chapman, et al. v. General Motors LLC*, Case 2:19-cv-12333-TGB-DRG (E.D. Mich.).

## CAFA Removal

10. The Class Acton Fairness Act ("CAFA") vests this Court with original jurisdiction over this action because plaintiffs' suit is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d).

11. Any defendant may remove a state court action to federal court if the action falls within these parameters. *See* 28 U.S.C. § 1453; *see also Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 366 (E.D. La. 2007) ("If the threshold requirements for CAFA jurisdiction are met, CAFA permits a defendant to remove a class action without first obtaining the consent of all of the defendants and allows a defendant to remove even if there is an in-state defendant.").

12. The Petition is a "class action" subject to removal under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

13. The matter in controversy in this action exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

14. Plaintiffs seek various categories of damages, including:

   a. Repair costs, which allegedly average $7,488.25 per named plaintiff (Pet. ¶¶ 12, 16) and other "ongoing preventative costs (*id.* ¶ 18);

   b. Economic damages sustained as a result of allegedly paying "a high premium for the diesel engine," allegedly "overpaying for the vehicle," and for the vehicles' "decreased performance" and "diminished value" (*id.* ¶ 18);

   c. Damages for alleged "severe emotional injuries"; "trauma"; "pain and mental anguish"; "anxiety and depression"; "loss of enjoyment of life"; "past, present and future mental pain and suffering"; and "inconvenience" (*id.* ¶¶ 18, 33, 41, 65, 66);

   d. The return of the entirety of plaintiffs' "purchase price paid and resulting damages," including "insurance co-payments" (*id.* ¶¶ 18, 33, 41, 57, 66); and

   e. Other undefined "legal and equitable relief" (*id.* ¶¶ 57, 71).

15. Plaintiffs allege that many of these damages are "severe and permanent" (*id.* ¶ 38), and that these damages are common to *all* purchasers and lessees of six model years of Chevrolet Silverado and GMC Sierra trucks (¶¶ 66, 70).

16. This Court can therefore reasonably infer that the matter in controversy exceeds $5,000,000. *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 571 (E.D. La. 2019) ("The Court is permitted to make common-sense inferences about the amount in controversy."); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

17. The Petition's proposed class includes at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

18. Plaintiffs seek certification of a class of "[a]ll persons who purchased or leased a class vehicle in Louisiana." Pet. ¶¶ 67-70.

19. Besides named plaintiffs, this Court can reasonably assume that at least 98 individuals in Louisiana have purchased or leased a model year 2011-2016 Chevrolet Silverado or GMC Sierra truck equipped with a diesel engine. *See Badeaux*, 358 F. Supp. 3d at 570 ("Although this Court does not have evidence of the number of New Orleans Saints season ticketholders, . . . [i]t is reasonable for the Court to infer that the number of class members exceeds one hundred."); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 818 (5th Cir. 2007).

20. Minimal diversity of citizenship exists to support the exercise of jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A). A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *Id.* § 1332(c)(1).

21. The Petition acknowledges that GM is a "*foreign* limited liability corporation," *i.e.*, not a citizen of Louisiana. *Id.* ¶ 3 (emphasis added).

22. As alleged in the Petition, plaintiffs are citizens of the State of Louisiana. Pet. ¶¶ 1-2.

23. At both the time of filing and of this removal, GM was and remains a Delaware corporation with its headquarters and principal place of business in Michigan.

24.     Six previously-filed putative class action complaints allege the same CP4 defect in the same makes and models of GM vehicles.[3]

25.     One of the previously-filed class actions alleges the same or similar facts on behalf of Louisiana purchasers and lessees of the same vehicles. In *Chapman, et al. v. General Motors LLC*, Case 2:19-cv-12333-TGB-DRG (E.D. Mich.), plaintiffs filed a class action complaint on August 6, 2019 and an amended class action complaint on December 2, 2019. *See* Dkt. 1 & 15. *See Chapman*, Dkts. 1 & 15.

26.     Because at least one class action was filed in the three years prior to the filing of plaintiffs' complaint that "assert[ed] the same or similar factual allegations against any of the defendants on behalf of the same or other persons," CAFA's "local controversy exception" does not apply. *See* 28 U.S.C. § 1332(d)(4)(A)(i-ii); *Carter v. Westlex Corp.*, 643 F. App'x 371, 375 n.3 (5th Cir. 2016) ("Because a 'class action has been filed asserting the same or similar factual allegations against any of the defendants,' the district court was not required to decline CAFA jurisdiction" under the "local controversy" exception.); *see also City of Walker v. Louisiana*, 877 F.3d 563, 568 (5th Cir. 2017) ("If the alleged facts are the same or similar, CAFA jurisdiction obtains; if not, then not.").

## Statutory Requirements

27.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of service of the Petition on GM (served no earlier than December 3, 2019).

---

[3] *See Moonan, et al. v. General Motors LLC*, Case 3:18-cv-07054-JST, Dkt. 1 at ¶¶ 1-6, 51 (N.D. Cal. Nov. 20, 2018); *Ginebra, et al. v. General Motors LLC*, Case 1:18-cv-25209-FAM, Dkt. 1 at ¶¶ 1-6, 29 (S.D. Fla. Dec. 12, 2018); *Click, et al. v. General Motors LLC*, Case 2:18-cv-00455, Dkt. 1 at ¶¶ 1-6, 23 (S.D. Tex. Dec. 20, 2018); *Smith, et al. v. General Motors Co.*, Case 3:19-cv-00021-JCS, Dkt. 1 at ¶¶ 1-4, 21 (N.D. Cal. Jan. 2, 2019); *Dawson, et al. v. General Motors LLC*, Case 3:19-cv-08680-AET-LHG, Dkt. 1 at ¶¶ 1-6 (D.N.J. Mar. 15, 2019); *Chapman, et al. v. General Motors LLC*, Case 2:19-cv-12333-TGB-DRG, Dkt. 1 ¶¶ 1, 31 (E.D. Mich. Aug. 6, 2019).

28. Because GM is removing under CAFA, consents or joinders from the other defendant is not required. *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 366 (E.D. La. 2007).

29. Pursuant to 28 U.S.C. §§ 1446(a), 1447(b), and Local Rule 3.2, copies of all process, pleadings, and orders served upon GM are attached as **Exhibits A & B**.

30. Pursuant to 28 U.S.C. § 1447(b) and Local Rule 3.2, GM will file within 14 days of removal: (a) a list of all parties remaining in the action; (b) copies of all pleadings, including answers, filed in state court; and (c) copies of the return of service of process filed in state court on those parties.

31. The state court where the State Court Action was commenced, the 24th Judicial District Court of Jefferson Parish, Louisiana, is within this Court's district and division. *See* 28 U.S.C. §§ 1441(a), 1446(a).

32. A copy of this Notice of Removal will be filed with the state court and served on all counsel of record. *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

/s/ *Thomas A. Casey, Jr.*
Thomas A. Casey, Jr. (LA Bar No. 01291)
JONES WALKER LLP
201 St. Charles Avenue
New Orleans, LA 70170
Telephone: 504-582-8294
Facsimile: 504-589-8294
tcaseyjr@joneswalker.com

Kathleen Taylor Sooy*
April N. Ross*
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202-624-2500
Facsimile: 202-628-5611
ksooy@crowell.com
aross@crowell.com

*Pro hac vice application forthcoming*

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

I certify that a true copy of the above Notice of Removal was served on counsel of record in the State Court Action via email, as well as by First-Class postage-prepaid U.S. Mail, on this date, the 18th day of December, 2019, as follows:

Sidney D. Torres, III (La. Bar No. 12869) (storres@torres-law.com)
Roberta L. Burns (La. Bar No. 14945) (rburns@torres-law.com)
Beau F. Camel (La. Bar No. 30231) (bcamel@torres-law.com)
Valerie L. Rodrigue (La. Barr No. 37523) (vrodrigue@torres-law.com)

Law Offices of Sidney D. Torres, III, PLC
Torres Park Plaza
8301 West Judge Perez Drive, Suite 303
Chalmette, LA 70043

／s／ *Thomas A. Casey Jr.*
Thomas A. Casey, Jr.